JOSEPH W. COTCHETT (Cal. SBN 36324)
jcotchett@cpmlegal.com
MARK C. MOLUMPHY (Cal. SBN 168009)
mmolumphy@cpmlegal.com
NANCI E. NISHIMURA (Cal. SBN 152621)
nnishimura@cpmlegal.com
ARON K. LIANG (Cal. SBN 228936)
aliang@cpmlegal.com
MATTHEW K. EDLING (Cal. SBN: 250940)
medling@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel:     (650) 697-6000
Fax:    (650) 697-0577

Attorneys for Plaintiff Stanley Morrical,
derivatively on behalf of Hewlett-Packard
Company, in the action entitled,
*Morrical v. Margaret C. Whitman, et al.,* 12-CV-06434

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP RICCARDI,<br><br>                              Plaintiff,<br>          v.<br><br>MICHAEL R. LYNCH, et al.<br><br>                              Defendants,<br><br>          -and-<br><br>HEWLETT-PACKARD COMPANY,<br><br>                Nominal Defendant. | **CASE NO. 12-CV-06003**<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFFS STANLEY MORRICAL, ANDREA BASCHERI,  JIM CHUNG, AND JOSEPH TOLA FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF A LEAD PLAINTIFF, AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     March 1, 2013<br>Time:    10:00 a.m.<br>Ctrm:    6, 17th Floor<br>Judge:   Hon. Charles R. Breyer |
| *[Caption continues on following page.]* | |

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF A LEAD PLAINTIFF, AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**

| | |
|---|---|
| ENERSTO ESPINOZA, | **CASE NO. 12-CV-06025** |
| Plaintiff, | |
| v. | Judge: Hon. Charles R. Breyer |
| MICHAEL R. LYNCH, et al. | Complaint Filed: November 27, 2012 |
| Defendants, | |
| -and- | |
| HEWLETT-PACKARD COMPANY, | |
| Nominal Defendant. | |
| ANDREA BASCHERI, et al, | **CASE NO. 12-CV-06091** |
| Plaintiff, | |
| v. | Judge: Hon. Charles R. Breyer |
| LEO APOTHEKER, et al. | Complaint Filed: November 30, 2012 |
| Defendants, | |
| -and- | |
| HEWLETT-PACKARD COMPANY, | |
| Nominal Defendant. | |
| MARTIN BERTISCH, | **CASE NO. 12-CV-06123** |
| Plaintiff, | |
| v. | Judge: Hon. Charles R. Breyer |
| LEO APOTHEKER, et al. | Complaint Filed: December 3, 2012 |
| Defendants, | |
| -and- | |
| HEWLETT-PACKARD COMPANY, | |
| Nominal Defendant. | |

**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF A LEAD PLAINTIFF, AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**

| | |
|---|---|
| THE CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, | **CASE NO. 12-CV-06416** |
| Plaintiff, | |
| v. | Judge:               Hon. Charles R. Breyer |
| | Complaint Filed:   December 18, 2012 |
| LEO APOTHEKER, et al. | |
| Defendants, | |
| -and- | |
| HEWLETT-PACKARD COMPANY, | |
| Nominal Defendant. | |
| JOSEPH TOLA, | **CASE NO. 12-CV-06423** |
| Plaintiff, | |
| v. | Judge:               Hon. Charles R. Breyer |
| | Complaint Filed:   December 18, 2012 |
| MICHAEL R. LYNCH, et al. | |
| Defendants, | |
| -and- | |
| HEWLETT-PACKARD COMPANY, | |
| Nominal Defendant. | |
| STANLEY MORRICAL, | **CASE NO. 12-CV-06434** |
| Plaintiff, | |
| v. | Judge:               Hon. Charles R. Breyer |
| | Complaint Filed:   December 19, 2012 |
| MARGARET C. WHITMAN, et al. | |
| Defendants, | |
| -and- | |
| HEWLETT-PACKARD COMPANY, | |
| Nominal Defendant. | |

**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF A LEAD PLAINTIFF, AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ............................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ............................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ................................. 2

I.          INTRODUCTION ............................................................... 2

II.         PROCEDURAL HISTORY AND STATEMENT OF FACTS ............................. 3

III.        LEGAL ARGUMENT ............................................................. 5

     A.     All Related Complaints Filed on Behalf of HP Should Be Consolidated .............. 5

     B.     In the Event of Consolidation, the Court Should Appoint Lead Plaintiff, Lead
Counsel, and an Executive Committee ...................................................... 6

        1.   Morrical Should Be Appointed Lead Plaintiff ..................................... 6

        2.   CPM Should Be Appointed Lead Counsel and Chair of an Executive
Committee ............................................................................... 8

          a.   CPM has substantial experience in California securities
and derivative cases ................................................................ 9

          b.   CPM has taken the lead in prosecuting this litigation .................... 11

        3.   Bottini & Bottini and Cafferty Clobes Should be Appointed to
the Executive Committee ............................................................. 12

IV.        CONCLUSION .................................................................... 15

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. China Integrated Energy, Inc.*
No. CV 11-02559, 2011 U.S. Dist. LEXIS 151131 (C.D. Cal. Aug. 29, 2011) ........................ 5

*Cohen v. Beneficial Loan Corp.*
337 U.S. 541 (1949) ......................................................................... 6

*Horn v. Raines*
227 F.R.D. 1 (D.D.C. 2005) ................................................................ 5

*In re Equity Funding Corp. of Am. Sec. Litig.*
416 F.Supp. 161 (C.D. Cal. 1976) ........................................................ 6

*Landis v. N. Am. Co.*
299 U.S. 248 (1936) ......................................................................... 5

*Millman v. Brinkley*
2004 U.S. Dist. LEXIS 20113 (N.D.Ga. 2004) ..................................... 6, 8

*Schriver v. Impac Mortg. Holdings, Inc.*
2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 1, 2006) ........................... 5

*Takeda v. Turbodyne Techs. Inc.*
67 F. Supp. 2d 1129 (C.D. Cal. 1999) ................................................... 6

**Other Authorities**

*Newberg on Class Actions*
§ 9.35 at 388 (4th ed. 2002) ............................................................... 9

**Rules**

Fed R. Civ. P. 42(a) ....................................................................... 5, 6

Fed. R. Civ. P. 23.1 ......................................................................... 6

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on March 1, 2013, at 10:00 a.m., or as soon thereafter as this matter may be heard, Plaintiffs Stanley Morrical, Andrea Bascheri, Jim Chung, and Joseph Tola ("Plaintiffs"), who are named plaintiffs in several of the derivative actions filed on behalf of Hewlett Packard Company, will and hereby do move this Court for an Order:

**A.** **Consolidating the following related actions filed in this Court and ordering that any other actions filed in or transferred to this Court which arise out of or relate to the same facts as alleged in the above-referenced actions should be consolidated for all purposes under Fed. R. Civ. P. 42(a):**

1. *Philip Riccardi v. Michael R. Lynch et al.*, Case No. 12-cv-06003-CRB

2. *Ernesto Espinoza v. Michael R. Lynch et al.*, Case No. 12-cv-06025-CRB

3. *Andrea Bascheri et al. v. Leo Apotheker et al.*, Case No. 12-cv-06091-CRB

4. *Martin Bertisch v. Leo Apotheker et al.*, Case No. 12-cv-06123-CRB

5. *The City of Birmingham Retirement and Relief System v. Leo Apotheker et al.*, Case No. 12-cv-06416-CRB

6. *Joseph Tola v. Michael R. Lynch et al.*, Case No. 12-cv-06423-CRB

7. *Stanley Morrical v. Margaret C. Whitman et al.*, Case No. 12-cv-06434-CRB

**B.** **Appointing Morrical to serve as the Lead Plaintiff and Cotchett, Pitre & McCarthy, LLP to serve as Lead Counsel and Chair of an Executive Committee in the consolidated actions.**

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Stanley Morrical and Mark C. Molumphy, all records on file with this Court, and such other written and/or oral argument as may be presented to the Court.

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

### STATEMENT OF ISSUES TO BE DECIDED

### (Civil L.R. 7-4)

1.   Whether to consolidate the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure?

2.   Whether to appoint Morrical as Lead Plaintiff in the Actions pursuant to Rule 23.1 of the Federal Rules of Civil Procedure?

3.   Whether to appoint Cotchett, Pitre & McCarthy, LLP ("CPM") as Lead Counsel and to establish an Executive Committee?

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

By this motion, Plaintiffs seek to consolidate shareholder derivative cases filed on behalf of nominal defendant Hewlett Packard Company ("HP") against certain present and former members of the HP Board of Directors and certain senior executives (collectively, "Defendants").  The complaints all allege that Defendants abdicated their fiduciary obligations and misled HP shareholders by failing to uncover and disclose material facts about Autonomy Corporation plc ("Autonomy").  As HP's principal place of business is in this District, the derivative complaints assert claims under California common and statutory law, including causes of action for breach of fiduciary duty, abuse of control, and unjust enrichment, as well as violations of California securities laws.  The complaints also allege violationS of federal securities laws, providing the basis for this Court's jurisdiction.  Because the identified derivative actions involve common questions of law and fact, consolidation will improve judicial efficiency and help avoid the possibility of duplication and inconsistent rulings.

Plaintiffs also seek the appointment of a lead plaintiff and counsel at this early consolidation stage, which will facilitate the orderly litigation of future proceedings.  Plaintiffs respectfully submit that Stanley Morrical has the business and fiduciary background to lead the prosecution of a consolidated action.  Similarly, CPM – which is based in this District – is uniquely qualified to represent the derivative plaintiffs as Lead Counsel and Chair of an

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF A LEAD PLAINTIFF, AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL

2

Executive Committee with the support of Bottini & Bottini, Inc. (Bottini and Bottini") and Cafferty Clobes Meriweather & Sprengel LLP ("Cafferty Clobes") as Committee members.  In short, Plaintiffs propose an <u>inclusive</u> structure, with representatives of <u>each</u> firm eligible to participate on the Executive Committee.

## II.   PROCEDURAL HISTORY AND STATEMENT OF FACTS

Seven derivative actions have been filed in this District.  Declaration of Mark C. Molumphy ("Molumphy Decl."), ¶ 2.  While the specific named individual defendants and causes of actions are not identical in each complaint, all of them involve common issues of law and fact.  *Id.*  The core allegation in all of the derivative actions is that certain HP executive officers and directors breached their duties of good faith and candor in connection with the acquisition of Autonomy and then failed to uncover and disclose material facts about Autonomy and HP's financial condition, and then misled public shareholders in subsequent filings with the SEC.  Each action alleges similar common law claims, including claims for breach of fiduciary duty, corporate waste, abuse of control as well as federal securities law claims.  Some actions allege violations of California's securities laws.  All complaints allege the wrongdoing occurred between August 2011 and November 2012.

On January 3, 2013, the Court entered a Related Case Order and found the following seven derivative complaints were related and should be assigned to Judge Breyer.

1. *Philip Riccardi v. Michael R. Lynch et al.*, Case No. 12-cv-06003-CRB

2. *Ernesto Espinoza v. Michael R. Lynch et al.*, Case No. 12-cv-06025-CRB

3. *Andrea Bascheri et al. v. Leo Apotheker et al.*, Case No. 12-cv-06091-CRB

4. *Martin Bertisch v. Leo Apotheker et al.*, Case No. 12-cv-06123-CRB

5. *The City of Birmingham Retirement and Relief System v. Leo Apotheker et al.*, Case No. 12-cv-06416-CRB

6. *Joseph Tola v. Michael R. Lynch et al.*, Case No. 12-cv-06423-CRB

7. *Stanley Morrical v. Margaret C. Whitman et al.*, Case No. 12-cv-06434-CRB

See Exh. 1 to Molumphy Decl.

All seven derivative actions are at the same early stages of litigation. All actions were just recently filed and no responsive pleadings have been filed in any of the cases. Based on conversations with counsel for plaintiffs and defendants all parties agree that consolidation is warranted. Molumphy Decl., ¶ 4. To that end, CPM drafted a stipulation consolidating the shareholder derivative actions and setting a briefing schedule for motions for lead plaintiff and counsel, as well as the filing and response for a consolidated complaint. *Id.* CPM communicated and coordinated with counsel in all seven of the derivative actions and reached a consensus on the language of the stipulation. *Id.* Thereafter, CPM spoke with counsel for Defendants who have appeared in the action to structure a negotiated pretrial schedule and their views on whether consolidation is appropriate. Molumphy Decl. ¶ 5. Those Defendants who have appeared uniformly agree that consolidation is appropriate. *Id.*

Accordingly, the Court should grant consolidation, appoint Morrical as Lead Plaintiff and appoint CPM as Lead Counsel and Executive Chair for the following reasons:

1.   Consolidation will help prevent unnecessary duplication and inconsistent rulings;

2.   Consolidation will allow all cases to proceed on a single, consolidated complaint;

3.   Appointment of Morrical as Lead Plaintiff will allow plaintiffs and counsel to present a unified approach in a consolidated complaint, from which defendants can more reasonably respond; and

4.   Appointment of CPM as Lead Counsel and Chair of an Executive Committee, based on the firm's qualifications, experience, and familiarity with the Court, as well as the qualifications of the firms on the Executive Committee, will promote efficiency, organization and leadership going forward in the case.

///

**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF A LEAD PLAINTIFF, AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**

4

✪

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

III.   **LEGAL ARGUMENT**

    A.   **All Related Complaints Filed on Behalf of HP Should Be Consolidated**

Plaintiffs seek an order consolidating the above referenced actions, and ordering that any other actions filed in or transferred to this Court which arise out of or relate to the same facts as alleged in the above-referenced actions should be consolidated for all purposes under Fed. R. Civ. P. 42(a).[1]

The related seven derivative actions currently pending in this District allege violations of both federal securities and state laws and all allege breach of fiduciary duties.  Rule 42(a) provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed R. Civ. P. 42(a); *Brown v. China Integrated Energy, Inc.,* No. CV 11-02559, 2011 U.S. Dist. LEXIS 151131, at *14-16 (C.D. Cal. Aug. 29, 2011).

The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  A court has discretion to consolidate related cases which involve common questions of fact and law under Rule 42(a) "under the policy that consideration of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Schriver v. Impac Mortg. Holdings, Inc.*, 2006 U.S. Dist. LEXIS 40607, at *6 (C.D. Cal. May 1, 2006).

Under the traditional principles of consolidation, complaints may be consolidated regardless of whether the individual claims or causes of actions are identical.  *Takeda v.*

---

[1]  "[W]hen consolidation is appropriate, the Court has the discretion to order the consolidation of subsequently-filed or transferred cases that allege similar facts as those alleged in the current shareholder derivative suits." *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005) (ordering consolidation of all related derivative actions); *Schriver*, 2006 U.S. Dist. LEXIS 40607, at *6.

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

*Turbodyne Techs. Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999).  Courts have recognized that consolidation of similar shareholder actions can be beneficial to the court and the parties by "expediting pretrial proceedings, avoiding duplication . . .  and minimizing expenditure of time and money."  *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F.Supp. 161, 176 (C.D. Cal. 1976); *Takeda*, 67 F. Supp. 2d at 1133 (consolidation pursuant to Fed. R. Civ. P. 42(a) eases the burden on all parties involved).

Here, consolidation would ensure that this litigation, brought for the benefit of HP, is disposed of in the most cost-effective manner for HP.  *See Millman v. Brinkley*, 2004 U.S. Dist. LEXIS 20113, at *7 (N.D.Ga. 2004) (consolidation of derivative actions is particularly appropriate because the "cost of defending these multiple actions may well do serious harm to the very corporation in whose interest they are supposedly brought").  Consolidation would therefore inure to the benefit of all parties involved.

Accordingly, Plaintiffs respectfully submit that the Related Actions should be consolidated for all purposes under Rule 42(a).

**B.    In the Event of Consolidation, the Court Should Appoint Lead Plaintiff, Lead Counsel, and an Executive Committee**

**1.    Morrical Should Be Appointed Lead Plaintiff**

As the Supreme Court recognized in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541 (1949), a plaintiff who leads a shareholder's derivative suit occupies a position "of a fiduciary character," in which "the interests of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom, and integrity."  *Id.*  Additionally, Rule 23.1 of the Federal Rules of Civil Procedure requires that a plaintiff must fairly and adequately represent the interests of the shareholders in enforcing the rights of the corporation.  Fed. R. Civ. P. 23.1. Thus, when considering the appointment of lead plaintiffs in shareholder derivative actions, courts look to which movant will adequately serve the interests of the derivative plaintiffs and the nominal defendants.  *Millman,* 2004 U.S. Dist. LEXIS 20113, at * 8.

⊛
LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

After conferring with Counsel in all of the Related Actions, Plaintiffs respectfully seek appointment of Stanley Morrical as Lead Plaintiff.  Morrical has continuously owned HP shares at all relevant times, and is fully committed to representing HP's interests.  Declaration of Stanley Morrical, ("Morrical Decl."), ¶ 2.  Morrical is also a resident and business owner in this District.  *Id.*, at ¶ 1.  He founded Morrical Financial Services in 1992 and works with clients to design and implement 401(k) plans and help them understand and meet their fiduciary responsibilities as plan sponsors.  Thus, Morrical has a well-developed  understanding of the business and fiduciary issues at issue in this action.  *Id.*  Further, Morrical has completed the Accredited Investment Fiduciary program at the Center for Fiduciary Studies, he has served on a Board of Directors, and is a regular participant in events at the Silicon Valley Chapter of the National Association of Corporate Directors and at the Stanford University Rock Center for Corporate Governance.  Morrical is active in corporate governance issues and a strong advocate for improved corporate governance.  *Id.*

Further, Morrical and his counsel have demonstrated a strong commitment to spending the necessary time and resources to investigate the claims lying at the core of this case.  *Id.*, at ¶ 7.  Unlike complaints filed just days after HP's announcement of its writedown, Morrical and his attorneys engaged in a lengthy investigation, under California Corporations Code Section 1601.  *Id.*, at ¶ 4.  He filed a highly detailed complaint, including allegations not found in other complaints.  *See, e.g.,* allegations that Defendants concealed from the public that the purported revolutionary product HP gained through its acquisition of Autonomy– the integrated Next Generation Information Platform Idol 10 – never existed (Complaint, ¶¶ 2-15; 78, 95-98;); public material misstatements that such a product existed and was available for sale (Complaint, ¶¶ 133-173; 195-198); the connection between this absent technology and HP's writedown (Complaint, ¶¶ 174-177); as well as detailed "demand futility" allegations. (Complaint, ¶¶ 211-248).  Morrical and his counsel have also demonstrated their diligence by requesting books and records from HP, under California Corporation Code Section 1601, and reviewed industry reports about HP's internal corporate structure and corporate history.  Morrical took the time to understand the

---

**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF A LEAD PLAINTIFF, AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**                                                    7

technology that HP claimed was the reason for its acquisition of Autonomy.  Although there certainly were accounting improprieties at Autonomy which Defendants failed to identify, Morrical supplements his complaint with detailed allegations concerning the technology that HP stated was the basis of Autonomy's acquisition but, in fact, does not exist.  Rather than rushing to file a complaint merely to be the first on file, Morrical made sure that he had strong supporting facts derived from diligent research and investigation.  Morrical's focused allegations are further indicia of the careful and deliberate approach he and his counsel have taken in this action.

### 2. CPM Should Be Appointed Lead Counsel and Chair of an Executive Committee

While many of plaintiffs' counsel have significant experience in complex class and shareholder derivative litigation, a leadership structure is necessary in this complex case.  After conferring with Counsel in all the Related Actions, Plaintiffs Morrical, Bascheri, Chung, and Tola, as well as their counsel, agree that CPM has the resources, commitment, experience and ability to serve as Lead Counsel and Chair of an Executive Committee to prosecute this litigation up to and including trial.  CPM has worked effectively and efficiently with the other plaintiffs' counsel, and believes that the appointment of an inclusive Executive Committee, including Bottini & Bottini and Cafferty Clobes and representatives from each of the other firms on file, will greatly assist the prosecution of these complex shareholder derivative actions.[2]

In selecting lead counsel, "the 'guiding principle' is who will 'best serve the interest of the plaintiffs.  The criteria for selecting counsel include factors such as experience and prior success record, the number, size, and extent of involvement of represented litigants, the advanced stage of the proceedings in a particular suit, and the nature of the causes of action alleged." *Millman*, 2004 U.S. Dist. LEXIS 20113, at *9, quoting Herbert B. Newberg & Alba

---

[2] As noted *infra*, during the meet and confer sessions with counsel for all plaintiffs, CPM indicated an interest in asking the Court to appoint an inclusive Executive Committee. Curiously, certain firms disavowed an interest in an inclusive structure and made clear their desire to lead counsel.  Molumphy Decl., ¶ 14.

**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF A LEAD PLAINTIFF, AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**

Conte, *Newberg on Class Actions* § 9.35 at 388 (4th ed. 2002). Each of these factors weighs in favor of appointing CPM as Lead Counsel.

### a.    CPM has substantial experience in California securities and derivative cases

CPM, located in this District, has a national reputation for excellence and success in complex securities litigation. Molumphy Decl., ¶¶ 10-13. The firm's extensive experience includes both cases in this District and in many of California's Superior Courts, representing both plaintiffs and defendants. *Id*. Indeed, CPM litigated and tried two of the largest fiduciary duty cases in Santa Clara County, where HP is based, including *In Re Technical Equities Litigation*, which was, at the time, perhaps the largest securities fraud case in California, and *Bily v. Arthur Young*, the seminal California case on duties owed by secondary actors to investors.

In 2011, CPM obtained jury verdicts in two securities class actions in California Federal and State Court. CPM served as lead counsel in *In re Homestore.com, Inc. Securities Litigation* (Central District of California) and obtained a jury verdict against the former Homestore Chief Executive Officer for securities fraud after securing more than $100 million in settlements. Additionally, in *HL Leasing Ponzi Scheme* (Fresno County Superior Court), CPM obtained a jury verdict for $46.5 million against both the President and Chief Financial Officer of HL Leasing, Inc. for their involvement in a Ponzi scheme. The jury verdict came three days after the court had entered a directed verdict for $114 million against fellow defendants who ran a Ponzi scheme in which over 1200 victims lost approximately $137 million. CPM is one of the few firms to successfully try to verdict complex securities cases. Molumphy Decl. ¶ 11.

The firm obtained one of the largest civil verdicts in United States history – $3.3 billion (later reduced to 1.75 billion) – in the *Lincoln Savings & Loan/American Continental Corporation Litigation*. Molumphy Decl. ¶ 10. CPM currently serves as co-lead counsel in *In re BP Securities Litigation* (Southern District of Texas), on behalf of investors who purchased American Depository Receipts ("ADRs") issued by BP, and suffered damages following the Gulf of Mexico explosion and oil spill. *Id*. The Honorable Vaughn Walker, former Chief Judge

---

**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF A LEAD PLAINTIFF, AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**

9

of this District, has said that "[t]he Cotchett firm, in particular, has appeared before the court in other actions and performance of its attorneys to date in this and in other cases is a testament to the ability of these attorneys."  Molumphy Decl. ¶ 13.

CPM is also highly experienced in litigating derivative cases, including claims based on California common law and violations of the California Corporations Code.  This is especially important as some of the plaintiffs in these related actions have alleged violations of California's state securities laws.

CPM has served or currently serves as lead counsel in several derivative cases in this District and California Superior Courts, including *In re Apple Computer Inc. Derivative Litigation* (Northern District of California), which involved violations of federal and California state securities statutes, and resulted in a cash settlement and the implementation of novel corporate governance reforms arising from stock option backdating; *In re Oracle Securities Litigation* (Northern District of California) involving claims against Oracle's Board of Directors and certain senior officers for breach of fiduciary duty and abuse of control relating to the over-billing of the US government for software products; *In re Rational Software, Inc.* (Santa Clara Superior Court), involving claims of breach of fiduciary duty, unjust enrichment and corporate waste against directors and officers of the nominal defendant; *In re Sybase Derivative Securities Litig.* (Alameda County Superior Court), involving breach of fiduciary duty, abuse of control, unjust enrichment and violation of the California securities laws by officers and directors of the nominal defendant; *In re Informix Deriv. Litig.*, (San Mateo County Superior Court), involving breach of fiduciary duty, professional negligence and violations of the California securities laws by officers and directors of the nominal defendant; *In re CBT Group PLC* (San Mateo County Superior Court), involving the breach of fiduciary duty, abuse of control, unjust enrichment and violation of the California Securities Laws by officers and directors of the nominal defendant; and *In re Stockman's Bank*, (Sacramento County Superior Court), involving claims for breach of fiduciary duty, abuse of control and unjust enrichment against officers and directors of the

nominal defendant.  Molumphy Decl., ¶ 10.  A detailed firm resume is attached as Exh. 2 to the Molumphy Declaration.

Just as importantly, if selected to serve as Lead Counsel, CPM is committed to working together with all the other plaintiffs and plaintiffs' firms to successfully prosecute this action. While Morrical respectfully submits that Lead Counsel should be limited to a single firm, CPM is fully prepared and committed to drawing upon the resources of other firms, and to that end requests the appointment of an Executive Committee comprised of Bottini & Bottini and Cafferty Clobes, and any other firms in this action, to assist in the prosecution of this case.[3]  In fact, CPM has stated that it would involve all the other firms regardless of whether they moved for lead counsel or supported CPM's motion.  Molumphy Decl., ¶ 14.  In marked contrast to CPM's inclusive and collegial approach, some of the other movants stated they would involve only those who supported their motion for lead counsel, if at all.  *Id*.  An exclusive approach is especially troubling in a derivative case, where each counsel seeks to represent the interests of the same ultimate client, the Company.

### b.    CPM has taken the lead in prosecuting this litigation

CPM has vigorously prosecuted this action to date.  In addition to filing a more focused and detailed Complaint, CPM's client (a California resident) exercised his shareholder rights prior to filing a complaint.  Morrical sent a demand letter to HP to inspect and copy HP's books and records related to Autonomy pursuant to California Corporations Code § 1601.  Morrical Decl., ¶ 4.  Thereafter, CPM, on its client's behalf, filed a verified petition for writ of mandate for inspection of corporate books and records in Santa Clara County.  Morrical Decl., ¶ 6.  In the event production is not made, Morrical stands ready to obtain a writ to compel such production.

---

[3] An Executive Committee is warranted in this case given the complexity of the case and the expected duration of the litigation.  The Autonomy acquisition was a $11 billion acquisition and there are related SEC and DOJ investigations as well as a related securities fraud class action complaint.  In the *Brocade* derivative action, which this Court presided over, the action lasted five years and similarly involved complex accounting issues (stock option backdating) and related SEC civil actions and DOJ criminal actions.

**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF A LEAD PLAINTIFF, AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**                                        11

To CPM's knowledge, no other firm has requested any relevant documents from nominal defendant HP or exercised any rights on behalf of its clients under any applicable state statute to obtain documents.  In fact, at least one firm filed a complaint just days of HP's November 20, 2012 announcement that they were writing down the value of the Autonomy acquisition by $8.8 billion, and then filed two additional complaints on behalf of different shareholders.

CPM has undertaken substantial effort to investigate the role and involvement of each of the HP officers and directors in the alleged wrongdoing that forms the basis of this lawsuit. CPM remains active in litigating its requests for certain HP books and records in Santa Clara Superior Court to ensure access to these materials.  While this case does involve a purported failure to detect accounting issues at Autonomy, CPM investigated further, working to understand the history of HP, its internal structure as well as the technology that HP claimed was the reason for its acquisition of Autonomy.  As alleged, HP's $8.8 billion writedown of Autonomy was much more than an accounting issue.  It is evident that CPM's allegations and theories of the case are well developed, demonstrating the commitment CPM has to the prosecution of this action in a thorough and responsible manner.

CPM's record of success in shareholder derivative actions, both in state and federal courts in California, filing of a thoroughly investigated and highly detailed complaint, vigorous prosecution of the action to date, and inclusive approach strongly supports appointing CPM as Lead Counsel and Chair of an Executive Committee.

### 3. Bottini & Bottini and Cafferty Clobes Should be Appointed to the Executive Committee

The Court should also appoint Bottini & Bottini and Cafferty Clobes to the Executive Committee.  As indicated *supra*, the complex nature of this action and the expected length of the litigation warrant the need for an Executive Committee.

Bottini & Bottini has substantial experience litigating shareholder derivative actions.  In fact, Mr. Bottini (while at his prior firm, Johnson Bottini LLP), is one of only a handful of plaintiffs' lawyers to ever be retained by a Special Litigation Committee in a derivative action, in

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

the Brocade case.  The case was filed in May 2005 and, on August 8, 2008, Mr. Bottini was

retained as co-counsel to Brocade by the Special Litigation Committee of the Board of Directors

of Brocade to help litigate the company's claims against ten former officers and directors of the

company.  An amended complaint was filed in federal court in San Francisco, and the case, *In re*

*Brocade Communications Systems, Inc.*, No. 05-cv-2233 (N.D. Cal.), proceeded before this

Court.[4]   After litigation of the case for over five years, over $24 million was recovered for

Brocade through the litigation.  Bottni & Bottini is also currently serving as lead counsel in a

derivative action against the directors of Career Education.  The complaint in that action was

recently upheld against a motion to dismiss challenging the demand futility allegations.  *See*

*Cook v. McCullough*, 2012 U.S. Dist. LEXIS 114621 (N.D. Ill. August 13, 2012).  Bottini &

Bottini is currently lead or co-lead counsel in numerous other derivative actions around the

country and in this District.  A copy of the firm's resume is attached as Exh. 3 to the Molumphy

Decl.

Cafferty Clobes also has substantial experience litigating shareholder actions.  Most

recently, Cafferty Clobes served on the Executive Committee in *In re BP Shareholder Derivative*

*Litigation*, No. 10-cv-03447 (S.D. Tex.), which arose out of the BP Deepwater Horizon spill.

For over twenty years, Cafferty Clobes has been integral in securing hundreds of millions of

dollars in settlements in securities and commodities class actions and shareholder derivative

suits. *See, e.g., In re Sumitomo Copper Litig.*, 96-cv-4584 (S.D.N.Y.) ($134.6 million settlement

which at the time was the largest class action recovery in the 75 year history of the Commodity

Exchange Act); *In re Structural Dynamics Research Corporation Derivative Litig.*, No. C-1-94-

650 (S.D. Ohio) ($5 million settlement in a shareholder derivative action).  Prior to joining the

firm, Bryan Clobes served as trial counsel to the Commodity Futures Exchange Commission in

---

[4] As the Court may recall, Mr. Bottini and his client also filed successful objections to an
attempted collusive settlement of the Brocade derivative claims which had been attempted by
other plaintiffs' counsel.  The Court's rejection of the illusory settlement allowed the meritorious
claims to proceed, which ultimately resulted in substantial settlements.

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

Washington, D.C. and was responsible for prosecuting investment fraud cases brought by the Commission in courts across the country.

Courts throughout the country have recognized Cafferty Clobes' zealous advocacy excellence in litigation brought on behalf of plaintiffs and class members in a wide-range of commercial and consumer class cases. For example, in *In re Insurance Brokerage Antitrust Litig.*, MDL No. 1663 (D.N.J.), the court appointed Cafferty Clobes as one of two co-lead counsel. Cafferty Clobes continues to serve as co-lead counsel in this multidistrict litigation alleging that insurance companies and insurance brokers conspired to allocate customers in a complicated, national scheme to maximize their own revenues at the expense of policyholder class members. Having survived several rounds of motions to dismiss, Cafferty Clobes continues to prosecute the case, which includes antitrust, RICO and various state law claims. Cafferty Clobes has negotiated and secured partial settlements totaling over $300 million, and successfully challenged a dismissal ruling resulting in a lengthy Third Circuit decision remanding the case for further proceedings. *See* 391 F.3d 516 (3d Cir. 2004).

In approving one $41 million settlement in this case, Judge Claire Cecchi noted that "[Cafferty Clobes partner] Bryan Clobes [is a] clearly well qualified and experienced class action attorney[] who ha[s] been involved in similar litigation around the country." 2012 WL 1071240, *11 (D.N.J. Mar. 30, 2012) (internal quotations omitted); see also *id.*, 2007 WL 1652303, at *6 (D.N.J. June 5, 2007) ("Class Counsel are highly skilled attorneys . . . ."). Further, earlier in the case, Chief Judge Brown "assessed the qualification, experience and ability of Plaintiffs Class Co-Lead Counsel on [multiple] occasions, and each time determined that those attorneys are clearly 'well qualified and experienced class action attorneys who have been' involved in similar . . . litigation around the country.'" 2007 WL 542227, at *14 (D.N.J. Feb. 16, 2007) (quoting *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231,250 (D. Del. 2002), aff'd, 391 F.3d 516 (3d Cir. 2004)).

Cafferty Clobes also served as co-lead counsel in *In re Relafen Antitrust Litigation*, and was recognized on multiple occasions for its considerable experience prosecuting complex class

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF A LEAD PLAINTIFF, AND APPROVAL OF A LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL

14

actions. See 221 F.R.D. 260, 273 (D. Mass. 2004) ("[T]he Court notes the considerable class action experience of the firms appointed co-lead counsel . . . Miller Faucher and Cafferty LLP. . . [C]lass counsel advocated vigorously in favor of its motion for certification."); 231 F.R.D. 52, 85 ("Class counsel here exceeded my expectations in these respects [i.e., experience, competence, and vigor] in every way."); see also *id.* at 80 ("The Court has consistently noted the exceptional efforts of class counsel."). Cafferty Clobes also served as lead counsel in *Curley v. Cumberland Farms Dairy, Inc.*, No. 86-5057 (D.N.J.), in which the court noted that "[Cafferty Clobes attorneys] demonstrated in this case great skill and determination in representing their clients through the many stages of this lengthy and complex litigation."

Lastly, Cafferty Clobes currently serves in leadership positions in numerous other complex actions throughout the country. A copy of the firm's resume is attached as Exh. 4 to the Molumphy Decl.

## IV.    CONCLUSION

For all the foregoing reasons, Plaintiffs Morrical, Bascheri, Chung and Tola respectfully request that the Court grant the motion and enter the Proposed Order (1) consolidating the above-captioned related cases and any subsequently filed action that involve question of law or fact substantially similar to those contained in the pending actions; (2) appointing Morrical to serve as Lead Plaintiff; and (3) appointing CPM to serve as Lead Counsel and Chair of an Executive Committee comprised of Bottini & Bottini, Cafferty Clobes, and all other firms in these related cases.

DATED:  January 25, 2013            **COTCHETT, PITRE & McCARTHY, LLP**

By:     /s/_____
         MARK C. MOLUMPHY

JOSEPH W. COTCHETT (Cal. SBN 36324)
MARK C. MOLUMPHY (Cal. SBN 168009)
NANCI E. NISHIMURA (Cal. SBN 152621)
ARON K. LIANG (Cal. SBN 228936)
MATTHEW K. EDLING (Cal. SBN: 250940)

San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel:    (650) 697-6000
Fax:    (650) 697-0577
jcotchett@cpmlegal.com
mmolumphy@cpmlegal.com
nnishimura@cpmlegal.com
aliang@cpmlegal.com
medling@cpmlegal.com

*Attorneys for Plaintiff Stanley Morrical*

DATED:  January 25, 2013          **BOTTINI & BOTTINI, INC.**

By:     /s/_____
            FRANCIS A. BOTTINI, JR.

7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel:    (858) 914-2001
Fax:    (858) 914-2002
fbottini@bottinilaw.com

*Attorneys for Plaintiff Andrea Bascheri and Jim Chung*

DATED:  January 25, 2013          **FINKELSTEIN THOMPSON LLP**

By:     /s/_____
            ROSEMARY M. RIVAS

505 Montgomery Street, Suite 300
San Francisco, CA 94111
Tel:    (415) 398-8700
Fax:    (415) 398-8704
rrivas@finkelsteinthompson.com

**CAFFERTY CLOBES MERIWETHER &**

**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED
ACTIONS, APPOINTMENT OF A LEAD PLAINTIFF, AND APPROVAL OF A
LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**                    16

1

2          **SPRENGEL LLP**
           Bryan L. Clobes
3          1101 Market Street, Suite 2650
           Philadelphia, PA 19107
4          Tel:    (215) 864-2800
           Fax:    (215) 864-2810
5          bclobes@caffertyclobes.com

6
           Anthony F. Fata
7          30 N. LaSalle Street, Suite 3200
           Chicago, Illinois 60606
8          Tel: 312.782.4880
           Fax: 312.782.4485
9          afata@caffertyclobes.com

10
11         *Attorneys for Plaintiff Joseph Tola*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED
ACTIONS, APPOINTMENT OF A LEAD PLAINTIFF, AND APPROVAL OF A
LEADERSHIP STRUCTURE FOR PLAINTIFFS' COUNSEL**                    17